UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STATE FARM LIFE AND ACCIDENT ASSURANCE,
COMPANY

         Plaintiff,

   v.              6:17-CV-01278
                   (TWD)

NICOLE D'ALLESSANDRO, R.A., a minor, G.A., a
minor, MARY ACEY, and KELLEY CARUSO, as
guardian of A.A., a minor

         Defendants.
_____

APPEARANCES:

PETER J. DiGIORGIO, JR., ESQ.
Attorney for Defendants Nicole
D'Allessandro, R.A., a minor, and
G.A., a minor
2103 Genesee Street
Utica, NY 13501

GUSTAVE J. DETRAGLIA, JR., ESQ.
Attorney for Defendant Kelly Caruso,
as guardian of A.A., a minor
1425 Genesee Street
Utica, NY 13501

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## **MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

  This action has been referred to this Court to conduct all proceedings and order the entry of final judgment by consent of the parties to jurisdiction by a United States Magistrate Judge. (Dkt. No. 29.) *See* 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure.

  State Farm Life and Accident Assurance Company ("State Farm") commenced this

interpleader action to determine the proper beneficiary or beneficiaries of a life insurance policy issued by State Farm on the life of decedent Robert T. Acey ("Decedent"), which had a death benefit of $250,000 payable as of the date of his death ("Death Benefit"). (Dkt. No. 1.) State Farm named Nicole D'Allessandro ("D'Allessandro"), minor children of D'Allessandro and the Decedent, R.A. and G.A., Kelley Caruso ("Caruso"), as guardian of minor A.A., and Mary Acey, mother of the Decedent and successor beneficiary under the State Farm policy on the life of Decedent. *Id*.

A Consent Order was issued allowing State Farm to deposit the sum of the Death Benefit with accrued interest, less $7,500 for reimbursement to State Farm for attorneys' fees and costs, with the Court. (Dkt. No. 20 at ¶ 4.[1]) State Farm was dismissed with prejudice from the action upon deposit of the remaining balance of the Death Benefit with the Court. *Id*. at ¶ 5.

Prior to her death, Mary Acey signed a general release releasing any claim she may have had to the Death Benefit in favor of D'Allessandro, as guardian of R.A. and G.A., and Caruso, as guardian of A.A., and entered into a stipulation of settlement. (Dkt. Nos. 28, 30-3 at ¶ 13.)

D'Allessandro and Caruso were left to litigate their respective minor children's claims to the remaining balance of the Death Benefit. *Id.* at ¶ 6. Defendant D'Allessandro has moved for summary judgment. (Dkt. No. 30.) Defendant Caruso has filed a response to the motion (Dkt. No. 31), and D'Allessandro has filed a reply. (Dkt. No. 32.) For reasons explained below the Court finds that R.A. and G.A. are entitled to the remaining balance of the Death Benefit under the State Farm life insurance policy insuring the life of the Decedent.

---

[1] Paragraph numbers preceded by the paragraph symbol are used where documents identified by the CM/ECF docket number contain consecutively numbered paragraphs.

## II.     FACTUAL BACKGROUND[2]

D'Allessandro and the Decedent were married in 2005, and R.A. and G.A. are the natural children born from the marriage union. (Dkt. No. 30-3 at ¶ 1.) On or about February 13, 2008, Decedent and D'Allessandro, as husband and wife, took out companion life insurance policies with State Farm, each insuring their own lives and naming the other as beneficiary. (Dkt. No. 30-3 at ¶ 3.) Decedent named D'Allessandro as his primary beneficiary and his mother, Mary Acey, as successor beneficiary. *Id*.

In 2012, D'Allessandro commenced divorce proceedings against Decedent in Oneida County Supreme Court under Index No. D2012-046824. *Id*. at ¶ 4. The State Farm life insurance policies were disclosed in Decedent's Statement of Net Worth and, in negotiating the divorce action, Allessandro and Decedent agreed to maintain the companion life insurance policies and name their children R.A. and G.A. as beneficiaries. (Dkt. Nos. 30-1 at ¶ 7; 30-3 at ¶ 5.) Decedent was thereafter mandated by the terms of the Judgment of Divorce, dated December 13, 2013, to continue his State Farm life insurance policy and change the beneficiary from D'Allessandro to his minor children, R.A. and G.A. (Dkt. No. 30-3 at ¶¶ 5, 7.)

Allessandro first learned that Decedent had failed to change the primary beneficiaries of the State Farm life insurance policy from D'Allessandro to R.A. and G.A. after his death in 2016. (Dkt. Nos. 30-1 at ¶ 9; 30-3 at ¶¶ 8-9.) D'Allessandro is guardian of the property of R.A. and G.A. pursuant to an Order entered in Oneida County Surrogates Court filed on January 24, 2018.

---

[2] D'Allessandro and Caruso have filed Stipulated Facts for use in whole or in part by the Court on this dispositive motion. (Dkt. No. 30-3.)

*Id*. at ¶ 2.

Caruso gave birth to A.A. in 2016. *Id*. at ¶ 10. A.A. was conceived with Decedent out of wedlock prior to Decedent's death and was born after the date of his death. (Dkt. No. 31 at ¶¶ 2, 4.) Paternity was established and an Order of Filiation was entered in Oneida County Family Court adjudicating Decedent as the father of A.A. (Dkt. Nos. 30-3 at ¶ 12; 31-2 at 1-3.[3]) On May 19, 2017, Caruso was appointed guardian of the property of A.A. by Order of the Oneida County Surrogate Court. (Dkt. No. 30-3 at ¶ 11.)

D'Allessandro, who was advised by her attorney that, notwithstanding N.Y. Estates, Powers, and Trusts Law ("E.P.T.L.") § 5-1.4, which disqualifies former spouses from being beneficiaries of their ex-spouse's life insurance policies, she might be in conflict with her children's issues in this litigation were she to make a claim to the Death Benefit. (Dkt. No. 30-1 at ¶ 11.) According to D'Allessandro, it has always been her position that the Death Benefit under the State Farm life insurance policy on Decedent's life is rightfully the property of her children R.A. and G.A. *Id*. After conferring with another attorney at her attorney's suggestion, D'Allessandro's position on the proceeds remains the same, and she consents to and agrees with summary judgment being entered in her children's favor. *Id*.

### III. APPLICABLE SUMMARY JUDGMENT LEGAL STANDARDS

Summary judgment may be granted only if the submissions of the parties taken together "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[3] Page references to documents identified by docket number are to the page numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

242, 251-52 (1986). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Only after the moving party has met this burden is the nonmoving party required to produce evidence demonstrating that genuine issues of material fact exist. *Salahuddin*, 467 F.3d at 272-73. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). A court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).[4]

## IV. ANALYSIS

D'Allessandro argues that her children R.A. and G.A. have an equitable interest in the remainder of the Death Benefit under the State Farm Policy through the imposition of a constructive trust, by virtue of her agreement with the Decedent to name the children as beneficiaries as part of their divorce and Decedent being ordered to do so in the divorce decree.

---

[4] The Court notes that Caruso has failed to respond to D'Allessandro's Statement of Material Facts as required under L.R. 7.1(a)(3). ) L.R. 7.1(a)(3) provides that "<u>The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.</u>" Inasmuch as a majority of the material facts included in D'Allessandro's Statement are included in D'Allessandro and Caruso's Stipulated Facts submitted on the motion, Caruso's failure to submit a response will have minimal impact on the motion

(Dkt. Nos. 30-1 at ¶¶ 7, 10; 30-5 at 3; 30-3 at ¶¶ 5, 7.) D'Allessandro, who was still named as beneficiary on the Decedent's policy at the time of his death, despite the parties' agreement and order in the divorce decree, has acknowledged that she is disqualified as beneficiary under E.P.T.L. § 5-1.4, and has also taken the position that the Death Benefit is rightfully the property of her children. (Dkt. No. 30-1 at ¶ 11.)

Caruso, in seeking an equal share of the remaining Death Benefit for A.A., appears to argue that because D'Allessandro is disqualified as beneficiary, and Mary Acey released any claim she may have had in the Death Benefit as a result of her status as successor beneficiary prior to her death, the Death Benefit has become part of the Decedent's estate and should be divided equally among R.A., G.A., and A.A. (*See generally* Dkt. No. 31-1.) Caruso's argument is based largely upon EPTL ¶ 4-1.1, setting forth the rules of intestate succession, under which all children, including those conceived before the decedent's death and born alive thereafter, are considered default beneficiaries with respect to the decedent's estate. *Id*. Caruso also argues that D'Allessandro was required to pursue her children's interest in the Death Benefit against the Decedent's estate and failed to do so, and that "[t]he remedy of equity cannot reach out as far as to deprive an infant of rights obtained over an insurance policy by the operation of law when the ex-wife failed to act by either enforcing her separation agreement or by bringing an action against the estate." *Id*. at 6. Caruso cites no case law in support of her position.

In *Simonds v. Simonds*, 408 N.Y.S.2d 359, 362-63 (1978), the New York Court of Appeals held that a separation agreement requiring the husband to maintain in effect a $7,000 policy of life insurance naming his wife as beneficiary vested in the wife an equitable right in the then existing policies, which were subsequently canceled by the husband and replaced by policies

6

naming his second wife as beneficiary. The Court further held that a constructive trust in favor of the first wife could be imposed on the proceeds of the substituted policies because the second wife's interest in the policies was subordinate to that of the first wife to the extent of $7,000.

Several years later, in *Rogers v. Rogers*, 483 N.Y.S.2d 976 (1984), the first wife and children brought an action seeking imposition of a constructive trust on proceeds of a $15,000 insurance policy on the life of the former husband and father. The decedent had promised to maintain a life insurance policy designating the former wife and their children as beneficiaries, and the agreement was incorporated in the divorce decree. *Id.* at 976-77. The insurance policy was terminated when the former husband left his employer, and he ultimately obtained new employment by virtue of which his life was again insured for $15,000. The deceased former husband named his second wife as beneficiary on the new policy. *Id*. at 977.

The Court of Appeals ruled for the former wife and children, finding that by virtue of the separation agreement they had an equitable interest in the death benefit from the new policy naming the second wife as beneficiary that was superior to the interest of the second wife. *Id*. at 978-79. *See also McCarthy v. Estate of McCarthy*, 145 F. Supp. 3d 278, (S.D.N.Y. 2015) (imposition of constructive trust in favor of former wife and two daughters, on $495,000 proceeds on life insurance naming another woman as the beneficiary, where decedent had agreed in settlement agreement to maintain life insurance in the amount of $4,000,000 with his wife and daughters as beneficiaries and had allowed policies to lapse).

Children have also been found to be third party beneficiaries of separation agreements and divorce decrees requiring a parent to maintain life insurance policies with them as beneficiaries. In *Ben Ami v. Ben Ami*, 191 N.Y.S.2d 369 (1ˢᵗ Dep't 1959), *aff'd* 203 N.Y.S.2d

7

924 (1960) (Mem), the Court of Appeals found no occasion to depart from the controlling principle that a separation agreement between parents providing for support and maintenance of the children may not in the ordinary case be enforced by the children. However, the Court left open the question of whether children would have independent standing to enforce other provisions of an agreement such as "defendant's irrevocable designation of them as beneficiaries of his life insurance policies." 191 N.Y.S.2d at 369.

Subsequently, in *Forman v. Forman*, 270 N.Y.S.2d 586 (1966), the infant children of the defendant, by their mother as guardian ad litem, sued their father for specific performance of his promise in a separation agreement to make them equal and irrevocable beneficiaries of a $10,000 life insurance policy on his life. The Court of Appeals acknowledged in *Forman* that while children are not generally allowed third-party beneficiary status with report to support obligations undertaken by their parents in a separation agreement, children are often third-party beneficiaries of other provisions in separation agreements. *Id.* at 589. The Court, in affirming a lower court order finding the children could sue as third-party beneficiaries, concluded that there are cases where children are actual third-party beneficiaries, and that the Court "ought not by a general rule of abnegation foreclose ourselves completely from allowing a remedy that may become appropriate, effective and just." *Id*.

In *Drake v. Drake*, 455 N.Y.S.2d 420 (4th Dept. 1982), the Fourth Department concluded, based upon a review of the relevant case law, that

> From this may be distilled a simple general rule in New York that, barring unusual circumstances, children have no standing to enforce the periodic support provisions of their parent's separation agreement, although they may enforce other specific provisions of the agreement clearly made exclusively for their benefit, such as a

> promise . . . to make the child beneficiary of a life insurance policy. The distinction drawn comports with the rules of law applicable to third party beneficiaries and is further rooted in considerations of public policy designed to promote familial harmony and foster the parent-child relationship.

*Id*. at 424. *See also Orsini v. Commercial National Bank*, 639 S.W.2d 516, 518 (Ct. of App. Ark., 1982) (holding that a property settlement agreement incorporated in a divorce decree constituted sufficient evidence to support the finding that the minor child of the insured was a third-party beneficiary to the provision requiring the deceased husband to maintain $50,000 in life insurance with his minor child as the named beneficiary).

Caruso has not offered, and the Court has not found, support for her argument that the Death Benefit at any time became a part of the Decedent's estate. *See to the contrary, Gallo v. Gallo*, 786 N.Y.S.2d 736, 737-38 (Surr. Ct. Nassau Cty. 2004) (where estate was never named beneficiary of life insurance policy decedent was supposed to maintain on the life of his children, the children themselves are the interested persons to enforce any constructive trust, not the estate of the deceased); *In re Bach's Estate*, 365 N.Y.S.2d 454, 461 (Surr. Ct. Dutchess Cty. 1975) ("since the estate of the decedent is not the designated beneficiary or contingent beneficiary of this life insurance policy, it is not an asset of the estate and [the estate] may not receive its proceeds.")

There is no claim that the Decedent's estate was ever a named beneficiary of the State Farm policy. Therefore, the Death Benefit is not a part of the estate and is not subject to distribution in accordance with the rules in E.P.T.L. § 4-1.1 governing intestate succession. Moreover, contrary to Caruso's claim, D'Allessandro was not required to assert a claim against the estate for the Death Benefit on her minor children's behalf. *See, e.g. O'Shaughnessy v.*

*United States Life Insurance Co.*, Slip Op 32697(U), 2009 N.Y. Misc. LEXIS 5214, at *9 (Sup. Ct. Suffolk Cty., Oct. 28, 2009)[5] (where the estate is no longer the beneficiary of the proceeds of life insurance policy, defendant's claim that plaintiff's sole remedy was against the estate is without merit since any such claim would be fruitless).

Based upon the foregoing, the Court concludes that A.A. has no legal or equitable interest in the Death Benefit payable under the State Farm life insurance policy issued to Decedent. The Court further concludes that whether through the imposition of a constructive trust for the benefit of R.A. and G.A., or the grant of third-party beneficiary status to R.A. and G.A., the two minor children of the Decedent are the sole beneficiaries under the Decedent's life insurance policy with State Farm and are entitled to the remainder of the Death Benefit under the policy. Therefore, D'Allessandro, solely in her capacity as guardian of R.A. and G.A., is entitled to summary judgment.

**WHEREFORE**, it is hereby

**ORDERED** that summary judgment (Dkt. No. 30) is **GRANTED** to Nicole D'Allessandro, solely in her capacity as guardian of her minor children R.A. and G.A.; and it is further

**ORDERED** that Nicole D'Allessandro submit to the Court by July 10, 2019, a certified copy of her appointment as the guardian of the property of R.A. and G.A. pursuant to Article 17 of the New York State Surrogate Court Procedure Act, and a certified copy of the Surrogate Court Order pertaining to such appointment, with information as to whom the insurance proceeds

---

[5] No Westlaw citation is available for the decision.

should be made payable, upon receipt of which the Court will issue a further order with regard to disbursement of the funds being held by the Court.

Dated: June 26, 2019
      Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge